**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

In Re

Decor Holdings, Inc., *et al.*

    Post-Confirmation Debtors

----------------------------------------------------------------X

SUMEC TEXTILE COMPANY LIMITED,

    Appellant,

    v.

BRIAN RYNIKER, IN HIS CAPACITY AS
LITIGATION ADMINISTRATOR OF THE
POST-CONFIRMATION ESTATES OF
DÉCOR HOLDINGS, INC., *et al.*,

    Appellee.

----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

21-CV-6725 (GRB)

**FILED
CLERK**

1:27 pm, Jan 12, 2023

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**GARY R. BROWN, United States District Judge**:

    Appellant Sumec Textile Company Limited ("Sumec") moves this Court to vacate an entry of default judgment entered against it in Bankruptcy Court on the ground that it was improperly served. For the reasons set forth below, the motion to vacate the default judgment is GRANTED.

    *Facts*

    In February 2019, decorative fabric seller Décor Holdings, Inc. filed a voluntary petition for Chapter 11 bankruptcy. *See In re Décor Holdings, Inc., et al.*, 8-19-71020-reg, Docket Entry ("DE") 1. At debtors' request, Chinese textile manufacturer Sumec continued to supply them goods post-petition. DE 13, Appendix ("App.") 75. Sumec held an export credit insurance policy with China Export & Credit Insurance Corporation ("Sinosure") and in February 2019 submitted

1

an insurance claim with Sinosure for debtors' unpaid balance.  App. 75.  Sinosure, in turn, hired the collection agency Brown & Joseph, LLC ("B&J") to collect the debt.  App. 77.  In April 2019, B&J filed a Proof of Claim in Bankruptcy Court asserting Sumec was owed $3,029,719.52.  App. 495-98.  The Proof of Claim was filled out by Don Leviton, who identified himself as "the creditor's attorney or authorized agent" and "Legal Counsel" at B&J.  App. 498.  In response to the question, "Where should notices to the creditor be sent?" Leviton listed B&J's address, "Brown & Joseph, C/O Don Leviton, PO Box 59838 Schaumburg, IL 60159," and provided his email address.  App. 496.  Attached to the Proof of Claim are (1) a Collection Trust Deed, in which Sumec authorizes Sinosure to collect the debt on Sumec's behalf, and (2) a Trust Deed and Letter of Instruction, in which Sinosure then authorizes B&J to collect the debt on Sinosure's behalf.  The Collection Trust Deed states:

> [W]e [SUMEC] herby confirm our agreement and authorization to [SINOSURE] of the full rights for collection, on our behalf, against [The Debtors] for the full amount of 3029719.52 . . . plus the interested accrued.
>
> We further confirm out grant to [SINOSURE] the full power in exercising such rights and remedies in our or its own name and give any assistance as it may require of us from time to time.

App. 501.

> The Trust Deed and Letter of Instruction states:
>
> We [SINOSURE] hereby confirm our instruction to Brown & Joseph, LLC for debt collection against [the Debtors] who has defaulted in payment to our client [SUMEC] . . .. The total amount hereby instructed is USD 3,039,806.24 . . . plus the interest accrued.
>
> We further confirm to grant Brown & Joseph, LLC the full power in exercising such rights and remedies in our or its own name for the amicable debt collection and commit ourselves to render any assistance as it may reasonably require of us from time to time.

App. 503-04.

2

Sumec had no involvement in the filing of the Proof of Claim and B&J had no communication with Sumec before filing it. App. 78-79.

In May 2019, the Bankruptcy Court confirmed a joint Chapter 11 plan of liquidation and ordered the appointment of a litigation administrator. *See In re Décor Holdings, Inc., et al.*, 8-19-71020-reg, DE 303.

In October 2019, Sumec assigned its claim against debtors to Sinosure for $1,322,063.39:

> In consideration of having received this payment [$1,322,063.39], we [SUMEC] hereby agree to assign, transfer and subrogate to you [SINOSURE], to the extent of your interest, all our rights and remedies in and in respect of the subject matter insured, and to grant you full power and give you any assistance you may reasonably require of us in the exercise of such rights and remedies in our or your name.

App. 76, 89.

In August 2020, Brian Ryniker in his capacity as litigation administrator of the post-confirmation estates of Décor Holdings, Inc. initiated an adversary proceeding against Sumec seeking to avoid preferential and/or fraudulent transfers of $693,048.84 that debtors allegedly made to Sumec prior to the filing of the bankruptcy petition. *See Brian Ryniker, in his Capacity as Litigation Administrator of the Post-Confirmation Estates of Décor Holdings, Inc., et al. v. Sumec Textile Company Limited*, 8-20-08130-reg, ("Adversary Proceeding"), DE 1. Three days later, the litigation administrator mailed a copy of the summons and complaint by first-class mail to B&J at the Illinois address listed on the Proof of Claim and emailed a copy to Leviton. App. 79; Adversary Proceeding, DE 4.

In September 2020, Leviton forwarded the summons and complaint to B&J employee Peter Geldes. App. 713. Geldes's email signature identified him as a "Claims & Investigations Manager" and B&J as an "Accounts Receivable Management Firm Credit and Collection Specialist." App. 713. After this point, Geldes frequently communicated with the litigation

3

administrator's counsel and purported to make representations and inquiries on behalf of Sumec. For instance, in September 2020, Geldes wrote that he is "reviewing with the our [sic] client and the creditor" and asked if "you have something like [a payment history spreadsheet] for Sumec to complete?" App. 713. In November 2020 Geldes wrote, "We received notice that suit was commenced on the above-referenced matter.. . . Sumec is under the impression that the payments received from Décor Holdings, Inc., et al., were made in the ordinary course of business and are not subject to preference action." App. 712. In December 2020, Geldes wrote, "Sumec has asked that I reach out and clarify if there is a settlement offer to resolve the preference claim." App. 711. In January 2021, Geldes wrote that he will continue to "press [his client] for a response" and "if the preference claim needs to move forward, please keep me posted." App. 710. Although these emails suggest that Sumec was in communication with Geldes, Sumec's senior manager Yan Gu avers in a sworn statement that Sumec had no contact with B&J during this time and, furthermore, Sumec never authorized B&J or Sinosure to accept service of process on its behalf in the adversary proceeding. App. 78, 80. Counsel for Sumec in this appeal claims that Geldes sometimes mistakenly referred to Sinosure as Sumec in emails. App. 776.

> In February 2021, the litigation administrator's counsel warned Geldes that:
>
> Sumec's time to respond to the complaint was extended numerous times – the final extension was to February 15, 2021 and Judge Grossman ordered us not to grant any more extensions. As such, Sumec is now in default. We intend to ask the court to enter a default if we don't receive a substantive response from you by tomorrow.

App. 731.

Shortly thereafter, the litigation administrator filed a Request for Entry of Default against Sumec and emailed Geldes the default motion papers. Adversary Proceeding, DE 8; App. 731. According to Sumec, neither B&J nor Sinosure forwarded Sumec a copy of the Request for Entry of Default and, moreover, Sumec had no actual knowledge of the summons and complaint at this

4

time. App. 80.

In March 2021, Geldes wrote to the litigation administrator's counsel:

> Thank you for providing that motion. Unfortunately I still have not heard anything from Sumec. I also wanted to reiterate that Brown & Joseph is not authorized to accept service on Sumec's behalf. I believe that was discussed previously, but wanted to re-clarify. We are not a law firm, we are not Sumec's attorney of record, and are only an authorized agent so far as the credit insurance claim that they filed is concerned.

App. 736.

According to the litigation administrator, this is the first time Geldes disclaimed his ability to accept service on Sumec's behalf. Opposition Brief, DE 13 at 21.

In May 2021, the litigation administrator filed a motion for default judgment before the Bankruptcy Court without disclosing Geldes's email disclaiming his authority to accept service for Sumec. Adversary Proceeding, DE 11. Once again, neither B&J nor Sinosure forwarded a copy of the default judgment motion papers to Sumec. App. 81.

On July 19, 2021, the Bankruptcy Court entered the order for default judgment against Sumec in the amount of $693,048.84 plus interest. Adversary Proceeding, DE 13.

In August 2021, Sinosure informed Sumec for the first time of B&J's involvement in the adversary proceeding. App. 82. Sinosure advised Sumec to pay the full judgment amount. App. 82. Sumec inquired as to when Sinosure and/or B&J first received the complaint but received no response. App. 82. In September 2021, Sumec requested that Sinosure relay through B&J a settlement offer to plaintiff. App. 82. According to Sumec, this was the first time it authorized B&J – either directly or indirectly – to take any actions on its behalf. App. 82. Through Geldes, Sumec attempted, unsuccessfully, to settle for 50% of the judgment. App. 724.

In October 2021, Sumec filed a motion to vacate the entry of default judgment for failure to properly serve. Adversary Proceeding, DE 15. If allowed to challenge the action on the merits,

5

Sumec asserts that it would raise the subsequent new value defense and the ordinary course of business defense. App. 84. After full briefing and a hearing, the Bankruptcy Court denied Sumec's motion and issued a written decision. Adversary Proceeding, Supplemental Findings of Fact and Conclusions of Law, DE 28; App. 1068-78.

*The Bankruptcy Court's Decision*

The Bankruptcy Court held that there was "sufficient indicia of agency between Sumec and Sinosure to find that Sumec was properly served" because in the Collection Trust Deed "Sumec expressly permitted Sinosure to use Sumec's name when collecting on the debt." App. 1076-77. As "[t]here were no reservations in the grant of authority . . . . Sumec could have anticipated that Sinosure would be participating in the Debtors' bankruptcy which would include the filing of a proof of claim." App. 1077. The Bankruptcy Court stated, "The law is clear that listing an agent in a creditor's proof of claim means that the agent is 'explicitly appointed . . . as [the creditor's] authorized agent for service of process' under Bankruptcy Rule 7004(b)(3) and that service of process on that agent at the address listed in the proof of claim constitutes proper service under Bankruptcy Rule 7004(b)(3)." App. 1076 (quoting *In re Takeout, Inc.*, No. 05-11931 BRL, 2009 WL 8671793, at *2 (Bankr. S.D.N.Y. Mar. 17, 2009); citing *In re Ms. Interpret*, 222 B.R. 409, 415 (Bankr. S.D.N.Y. 1998)). Since "a subagent, acting within the scope of his authority, may bind the principal as the agent may bind the principal," the Bankruptcy Court ruled that "service of process on Sumec at the name and address listed on the Proof of Claim satisfied due process requirements and Rule 7004(b)(3)." App. 1077.

This appeal follows.

6

*Jurisdiction*

District Courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" of Bankruptcy Courts. 28 U.S.C. § 158(a). Sumec timely filed its notice of appeal on December 2, 2021, less than 14 days after the Bankruptcy Court issued its order on November 23, 2021. *See* Adversary Proceeding, DE 28; 21-cv-6725, DE 1; Fed. R. Bankr. P. 8002(a)(1). Thus, this Court has jurisdiction to hear Sumec's appeal.

*Standard of Review*

"Generally in bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo." *In re Charter Commc'ns, Inc.*, 691 F.3d 476, 482–83 (2d Cir. 2012). An entry of default judgment is reviewed for abuse of discretion. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 131 (2d Cir. 2011). However, "the *de novo* standard of review is . . . used for review of the denial of a motion to vacate a default judgment challenged, under [Rule 60] subsection (b)(4), for lack of jurisdiction." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). "Under Rule 60(b)(4) a deferential standard of review is not appropriate because if the underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." *Id.* (citation omitted).

*Legal Standards*

Under Rule 55(c) of the Federal Rules of Civil Procedure, "The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." "In order to set aside the entry of default, Sumec would need to demonstrate good cause. The grounds to consider when determining whether good cause exists are (1) whether the default was willful, (2) whether setting aside the default would prejudice the adversary and (3) whether a

7

meritorious defense has been presented. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)." App. 1073. "The same factors are applied in the context of a Rule 60(b) motion to set aside a default judgment, although they are applied more rigorously, and the district court must resolve any doubts in the defaulting party's favor." *Peterson v. Syracuse Police Dep't*, 467 Fed. App'x 31, 33 (2d Cir. 2012).

The burden of proof for vacating a default judgment depends on whether the defendant had actual notice. "[O]n a motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur." *Burda Media, Inc.*, 417 F.3d at 299. However, "[w]here, as here, it is in dispute whether the defendant had actual notice before the entry of default judgment, courts have found that the burden of proof properly remains with the plaintiff." *Lu v. Nisen Sushi of Commack, LLC*, No. 18-CV-7177(RJD)(ST), 2022 WL 16754744, at *3 (E.D.N.Y. Aug. 29, 2022), report and recommendation adopted, No. 18-CV-7177(RJD)(ST), 2022 WL 4597436 (E.D.N.Y. Sept. 30, 2022). "Of the grounds for vacating default judgment, Rule 60(b)(4) is 'unique' because 'relief is not discretionary and a meritorious defense is not necessary.' *Global Gold Mining, LLC v. Ayvazian*, 983 F. Supp.2d 378, 384 (S.D.N.Y. 2013) (quoting *Covington Indus. v. Resintex A.G.*, 629 F.2d 730, 733 n.3 (2d Cir. 1980))." App. 1074. "Due process does not require that the party actually receive notice. Rather it requires that notice be 'reasonably calculated, under all the circumstances, to apprise interested parties of the action and afford them an opportunity to present their objections.' *Jobin v. Otis (In re M&L Bus. Mach. Co.)*, 190 B.R. 111, 115 (D. Colo. 1995) (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950))." App. 1075.

8

*Discussion*

Under Bankruptcy Rule 7004(b)(3), service of process in an adversary proceeding may be made, "[u]pon . . . a foreign corporation . . . by mailing a copy of the summons and complaint to the attention of . . . any other agent authorized by appointment or by law to receive service of process." A default judgment is void if service was improper, regardless of whether the defendants had actual notice. *Triad Energy Corp. v. McNell*, 110 F.R.D. 382, 386 (S.D.N.Y. 1986). In the Second Circuit, there is a strong preference that "litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995). "[T]he extreme sanction of a default judgment must remain a weapon of last, rather than first, resort, which should only be imposed upon a serious showing of willful default." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (citations and internal quotation marks omitted). As such, "motions to vacate default judgments are to be granted liberally" and "all doubts should be resolved in favor of the party seeking relief." *Int'l Cargo & Sur. Ins. Co. v. Mora Textiles Corp.*, No. 90 CIV. 3880 (KMW), 1991 WL 120359, at *2 (S.D.N.Y. June 21, 1991).

This appeal turns on whether B&J was an authorized agent for service of process under Bankruptcy Rule 7004(b)(3). The Bankruptcy Court below ruled there was "sufficient indicia of agency between Sumec and Sinosure to find that Sumec was properly served." App. 1076-77. An agent's authority can be actual or implied. "Actual authority is created by direct manifestations from the principal to the agent, and the extent of the agent's actual authority is interpreted in the light of all circumstances . . . ." *Highland Cap. Mgmt. LP v. Schneider*, 607 F.3d 322, 327 (2d Cir. 2010) (quoting *Peltz v. SHB Commodities, Inc.*, 115 F.3d 1082, 1088 (2d Cir. 1997)). Here, B&J lacked actual authority to accept service for Sumec because Sumec never specifically authorized B&J to accept service on its behalf; indeed, it never even communicated with B&J prior to the

9

entry of default judgment. App. 79-80, 82. *See In re Reisman*, 139 B.R. 797, 800 (Bankr. S.D.N.Y. 1992) (creditor's attorney lacked explicit authority to accept service where the Notice of Appearance executed by creditor's attorney was neither signed nor acknowledged by the creditor).

"Apparent authority consists of two elements: (1) a manifestation by the principal that the agent has authority and (2) reasonable reliance on that manifestation by the person dealing with the agent." *In re Kollel Mateh Efraim, LLC*, 334 B.R. 554, 560 (Bankr. S.D.N.Y. 2005) (citing *FDIC v. Providence College*, 115 F.3d 136, 140 (2d Cir. 1997)). Neither element is satisfied here. First, there was no manifestation by Sumec that the purported subagent B&J had authority to accept service of process. Sumec made no direct or indirect communication with the litigation administrator before the entry of default judgment. App. 79, 82. From the commencement of the debtors' bankruptcy in 2019 to the entry of default judgment in 2021, Sumec's only conduct was signing a Collection Trust Deed which granted Sinosure the authority to collect on the debt in "our [Sumec's] name or its own [Sinosure's] name." App. 501. The Collection Trust Document does not specifically confer the authority to accept service of process. For service upon an agent to be effective, "an actual appointment for the *specific* purpose of receiving process normally is expected." § 1097 Service on Individuals—Delivery of Process to Agent Appointed by Defendant, 4A Fed. Prac. & Proc. Civ. (Wright & Miller) (4th ed.) (emphasis added). Although "[t]he requisite intent . . . may be implied . . . from the circumstances surrounding the service upon the agent," *id.*, here there was no direct communication between Sumec and the litigation administrator for over two years. Although Geldes initially purported to act on Sumec's behalf, "[o]ne who deals with an agent does so at his peril, and must make the necessary effort to discover the actual scope of authority." *General Overseas Films, Ltd. v. Robin Int'l, Inc.*, 542 F.Supp. 684, 690 (S.D.N.Y. 1982) (citation omitted).

Nor can the litigation administrator satisfy the second element of reasonable reliance. Although initially Geldes appeared to accept service for Sumec, later he unambiguously disclaimed any such authority. App. 736 ("I also wanted to reiterate that Brown & Joseph is not authorized to accept service on Sumec's behalf. . . . We are not a law firm, we are not Sumec's attorney of record, and are only an authorized agent so far as the credit insurance claim that they filed is concerned."). In the email chain where Geldes purportedly accepted service, his email signature identified Geldes not as an attorney but a "Claims & Investigations Manager" at a collection agency. App. 713. Since B&J lacked actual or apparent authority, B&J was not an "agent authorized by appointment or by law to receive service of process" under Bankruptcy Rule 7004(b)(3). Moreover, the Court finds that under these circumstances notice was not "reasonably calculated" to apprise interested parties of the action. *Mullane*, 339 U.S. at 314; *see also Robinson v. Hanrahan*, 409 U.S. 38 (1972) (notice of forfeiture proceeding was not reasonably calculated where the state knew an incarcerated automobile owner was not present at the address to which notice was mailed even though the manner of service was permissible under statute).

In reaching the opposite conclusion, the Bankruptcy Court principally relied upon the cases *In re Takeout* and *In re Ms. Interpret* for the proposition that service of process on an agent at the address listed in a proof of claim constitutes proper service. App. 1076. Those two cases are distinguishable from the instant action in three material respects. First, in those cases service was made upon the creditor's actual counsel. *See In re Takeout, Inc.*, 2009 WL 8671793, at *2 ("Plaintiff's service of process [was] on Defendant's counsel[.]"); *In re Ms. Interpret*, 222 B.R. at 411 ("the debtor . . . serv[ed] Rawe by mail at two addresses . . . and in care of . . . Rawe's counsel[.]"). Here, service was not made upon Sumec's counsel but a collection agency hired by Sumec's subrogee, Sinosure. Second, in *In re Takeout* and *In re Ms. Interpret* the defendants

11

completed the proof of claim through their attorney. *See In re Takeout, Inc.*, 2009 WL 8671793, at *1 ("the proof of claim . . . was executed by [counsel] on Defendant's behalf"); *In re Ms. Interpret*, 222 B.R. at 414 ("Rawe filed and signed the proof of claim through its attorney"). Here, the Proof of Claim was completed not by Sumec but a collection agency hired by Sinosure. Third, in both cases the creditors impliedly appointed their counsel as agent for service of process by participating in the creditors' committee. *See In re Takeout, Inc.*, 2009 WL 8671793, at *3 ("Defendant . . . impliedly appointed [counsel] as its authorized agent for service of process through his participation . . . on the Creditors' Committee."); *In re Ms. Interpret*, 222 B.R. at 416-17 ("Rawe implicitly authorized [counsel] to receive service of process" where counsel "represented Rawe at every meeting of the committee"). Here, Sumec did not participate in any creditors' committee meetings. For these reasons, the Court finds the *In re Takeout* and *In re Ms. Interpret* line of cases inapposite.

The factors for setting aside a default judgment weigh in Sumec's favor. *See Enron Oil Corp.*, 10 F.3d at 95. First, Sumec's default was not willful because they had no notice of the Adversary Proceeding. *See Glob. Gold Mining, LLC*, 983 F. Supp. 2d at 387, *aff'd in part, modified in part on other grounds sub nom. Glob. Gold Min., LLC v. Ayvazian*, 612 Fed. App'x 11 (2d Cir. 2015) ("a showing that a default was inadvertent is sufficient"). Second, appellee would suffer no prejudice from setting aside the default judgment apart from the additional time and expense of litigation, which is insufficient. *See Davis*, 713 F.2d at 916 ("[I]t must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.") (citation and internal quotation marks omitted). Finally, Sumec has presented meritorious defenses, namely, a subsequent new value defense of over $500,000 and an ordinary course of business defense from the batching of voluminous

invoices in single payments. DE 12 at 57.

*Conclusion*

For the foregoing reasons, the Bankruptcy Court's entry of default judgment against Sumec is VACATED. The case is REMANDED to the Bankruptcy Court for further proceedings consistent with this Opinion. Furthermore, the Clerk of Court is directed to release to appellee forthwith the cash security it posted pending appeal. *See* Electronic Order dated January 13, 2022.

**SO ORDERED.**

Dated: January 12, 2023
      Central Islip, New York

   /s/ Gary R. Brown
HON. GARY R. BROWN
UNITED STATES DISTRICT JUDGE