# The Rosner Law Group LLC

## Attorneys at Law

824 N. Market Street, Suite 810
Wilmington, Delaware 19801
(302) 777-1111
www.teamrosner.com

FREDERICK B. ROSNER*
rosner@teamrosner.com

SCOTT J. LEONHARDT
leonhardt@teamrosner.com

JASON A. GIBSON
gibson@teamrosner.com

ZHAO "RUBY" LIU+
liu@teamrosner.com

* Also admitted in NY
+ Also admitted in PA

January 14, 2023

**VIA ECF**
Hon. Gary Brown
United States District Court
For the Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722-9014

> **Re:    Sumec Textile Company Limited v. Ryniker**
> **Case No. 21-cv-6725-GRB**

Dear Judge Brown:

This firm represents SUMEC Textiles Company Ltd. ("SUMEC"), the appellant in the referenced bankruptcy appeal.  Reference is made to the Memorandum and Order entered on January 12, 2023 where the Court ruled:

> For the foregoing reasons, the Bankruptcy Court's entry of default judgment against Sumec is VACATED.  The case is REMANDED to the Bankruptcy Court for further proceedings consistent with this Opinion.  Furthermore, **the Clerk of Court is directed to release to appellee [sic] forthwith the cash security it posted pending appeal.**  *See* Electronic Order dated January 13, 2022."

Memorandum Order at 13 (**emphasis** added).

This letter is in response to the letter [Dkt. No. 19] from counsel to the Litigation Administrator requesting "clarification" concerning that part of the Memorandum and Order that directed the release of the cash security that SUMEC posted on January 19, 2022 to secure a stay pending appeal.  It is respectfully submitted that the Litigation Administrator's letter goes well beyond seeking "clarification" and advances arguments that the cash security should not be

{00034467. }

released.  The Litigation Administrator also filed a Notice of Appeal [Dkt No. 18] to the Second Circuit from this Court's Memorandum and Order.

The cash security has fully served its dual purpose.  The Litigation Administrator was assured a full recovery on the Default Judgment if the decision below was affirmed by a final order, and execution on the Default Judgement was stayed enabling SUMEC to seek review of the Bankruptcy Court's decision.  Because this Court vacated the Default Judgment, there is no liability against SUMEC and, therefore, no basis to maintain the cash security.  *See Revlon, Inc. v. Carson Products Co.*, 647 F. Supp. 905, 906 (S.D.N.Y. 1986) (supersedeas bond should be released if court of appeals reverses underlying judgment, even though losing party has petitioned the Supreme Court for certiorari). *Am. Fed. Grp. v. Rothenberg*, 91 Civ. 7860 (THK)(SWK), 1998 U.S. Dist. LEXIS 7832, at *15 (S.D.N.Y. May 27, 1998) ("Nevertheless, the Bond that was posted was intended to secure a judgment, pending appeal, that has now been vacated. There presently is no judgment of liability against [the defendant]. Accordingly, there is no basis to require that the Bond be maintained.")

The purpose of the cash security was never to secure a pre-judgment attachment, which the Litigation Administrator now seeks.  There is no legal or factual basis to alienate approximately $700,000 in liquidity from SUMEC for a prolonged and indefinite period of time (including the Litigation Administrator further appeal to the Second Circuit) if there is no valid judgment against it.  *See Stephens v. Nat'l Distillers & Chem. Corp.*, 69 F.3d 1226, 1227, 1229 (2d Cir. 1995) (affirming district court's decision that the appellees, who are foreign corporations, are immune from posting pre-judgment security pursuant to the Foreign Sovereign Immunities Act (FSIA) because the pre-judgment security requirement "constitutes a forbidden 'attachment'" under the FSIA.  The court explained that the pre-judgment security requirement "would force appellees to place some of their assets in the hands of the courts for an indefinite period, during which time they would not have access to those assets, and that the same result would obtain if appellees' assets were formally attached").

Although the Litigation Administrator notes that the Cash Security Order provides that a motion is required for the release of the cash security, the Court already directed that the cash security be released.  The Court should dispense with further motion practice.

SUMEC respectfully submits that this Court's order as written should be carried out by the Court with the small correction that the cash security be remitted to SUMEC, as "appellant."

Respectfully submitted,

Frederick B. Rosner