**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

SUMEC TEXTILE COMPANY LTD.,

                Appellant,

      -against-

BRYAN RYNIKER, *in his capacity as Litigation Administrator of the Post-Confirmation Estates of Décor Holdings, Inc., et al.*,

                Appellee.
------------------------------------------------------------X

**FILED**
**CLERK**

3:07 pm, Jul 26, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM OF DECISION & ORDER**

21-CV-6725 (GRB)

**GARY R. BROWN, United States District Judge**:

Appearances:

Frederick B. Rosner
The Rosner Law Group
*Attorneys for Appellants*
824 Market St
Ste. 810
Wilmington, DE 19801

Mark Allen Frankel
*Attorneys for Appellants*
Backenroth Frankel & Krinsky, LLP
800 Third Avenue
11th Floor
New York, NY 10022

Schuyler Carroll
Loeb & Loeb LLP
*Attorneys for Appellee*
345 Park Avenue
21st Floor
New York, NY 10154

**GARY R. BROWN**, United States District Judge:

> "There's letters sealed; and my two schoolfellows,
> Whom I will trust as I will adders fanged,

1

> *They bear the mandate; they must sweep my way*
> *And marshal me to knavery. Let it work,*
> *For 'tis the sport to have the enginer*
> *Hoist with his own petard; and 't shall go hard*
> *But I will delve one yard below their mines*
> *And blow them at the moon. O, 'tis most sweet*
> *When in one line two crafts directly meet."*
>
> -Prince Hamlet, in *Hamlet*, Act III, Scene 4.

Presently before the Court is appellant SUMEC Textile Company Limited's motion for reconsideration of this Court's order directing the Clerk of the Court to maintain the cash security posted by SUMEC pending the outcome of the Litigation Administrator's appeal before the Second Circuit. For the foregoing reasons, appellant's motion is **DENIED**.

**BACKGROUND**

On December 2, 2021, SUMEC filed its appeal before this Court seeking to overturn the November 23, 2021, decisions of the Bankruptcy Court denying its motion to reopen adversary proceedings and to vacate the entry of default against it. *See* DE 1; DE 1-2; DE 1-3. On December 6, 2021, appellant filed a motion to stay the execution of the $693,048.84 default judgment entered against it pending the outcome of this appeal. DE 2. In its stay motion, appellant specifically represented to the Court that "SUMEC has ample resources to settle this matter" and that "SUMEC is based in China. Collection on a Default Judgment may prove difficult in China." DE 2 at ¶¶ 55-56. And, in relation to the posting of a bond, that "SUMEC is a major entity with resources necessary to satisfy the Default Judgment. The posting of a bond is not warranted." *Id.* at ¶ 59. SUMEC further represented that its "annual sales alone aggregate approximately $460 million." DE 6 at 2.

After opposition from appellee, however, SUMEC proposed to post cash security in the full amount of the judgment against it plus two years of post-judgment interest, totaling $694,157.72. DE 9 at 2. Though the parties agreed on the amount of the cash security, they

2

were unable to agree on the procedure for disbursal of the security should the judgment be affirmed or vacated. The Litigation Administrator was of the view that the security should be released to it upon the affirmance of the default judgment, but also that the security be maintained pending the outcome of the adversary proceeding below if the default judgment is vacated. DE 10. SUMEC, objecting to the inclusion of this language as unfair and asymmetrical, provided a proposed order (DE 11-1) without that language. DE 11 at 2.

On January 13, 2022, the Court adopted the order provided by SUMEC, which granted leave to file a cash security pending a final order on the appeal herein. The order provided that the cash security would be deposited into the Court's registry "in consideration of a stay of all Enforcement Actions pending a Final Order on the Appeal." DE 11-1 at 2. Of note, 'Final Order' is defined as "an order or judgment of the District Court, or such other United States court of competent jurisdiction, as to which: (a) no appeal is pending, (b) the time to appeal has expired and (c) no further appeal has been timely taken." *Id.* at 1 n.2.

On January 12, 2023, the Court vacated the entry of default, remanded the case to the Bankruptcy Court for further proceedings, and directed the Clerk of the Court to release the cash security to appellant. DE 16. The following day, the Litigation Administrator filed an appeal of the order vacating the default, DE 18, and a letter asserting that the Litigation Administrator should have been given time to file a motion to stay of the disbursal of the security before the Court ordered the funds returned to SUMEC. DE 19. From there, appellee argued that retention of the cash security was necessary based on a risk that it would be impossible to collect on a judgment should the Litigation Administrator prevail before the Second Circuit or the Bankruptcy Court on remand. *Id.* Appellee highlighted appellant's repeated assertions in its attempt to avoid depositing a bond that: (1) SUMEC does not maintain any bank accounts in the

3

United States, DE 5-16; (2) SUMEC is a Chinese state-owned entity, which, according to SUMEC, "adds another layer of complexity," DE 5-18; (3) any judgment in favor of the Litigation Administrator would have to be domesticated in China, DE 5-16; and (4) SUMEC is a large company with $460,000,000 in annual sales.  DE 5-16.

On January 14, 2023, SUMEC responded asserting that there was no basis for the Court to withhold the security as there was no longer a judgment against it, no pre-judgment attachment was sought, and pre-judgment attachment was barred by the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602.  DE 20.  On January 17, 2023, the Court directed the Clerk of the Court to retain the security pending resolution of the appeal before the Second Circuit.  Jan. 17, 2023 Electronic Order.  On January 31, 2023, appellant filed the motion at bar, seeking reconsideration of the Court's order directing retention of the security.  DE 21-1.

**DISCUSSION**

*Legal Standard*

This motion is decided under the well-known and oft-repeated standard for motions for reconsideration as discussed in *Sands Harbor Marina Corp. v. USI Ins. Serv. Nat'l, Inc.*, 2022 WL 17477852 (E.D.N.Y. Dec. 6, 2022), which discussion is incorporated by reference herein. As is specifically relevant:

> "The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y. 1990). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, et al., Federal Practice & Procedure § 4478 at 790).  Thus, a request for reconsideration under Local Rule 6.3 must advance controlling law or factual matters that the movant believes the Court overlooked in its decision on the underlying matter and that "might reasonably be expected to alter the conclusion reached by the Court." *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

*Id.* at 1.  SUMEC has presented neither an intervening change of controlling law nor the

4

availability of new evidence in support of its motion to reconsider. Thus, to be successful on its motion, appellee must demonstrate that there is need to correct a clear error or prevent manifest injustice.

*Analysis*

SUMEC has failed to proffer any arguments that were not previously raised, considered, and rejected by the Court. Indeed, SUMEC's response to the Litigation Administrator's letter seeking retention of the cash security argues that appellee did not seek pre-judgment attachment and that, in any event, SUMEC was immune from pre-judgment attachment by virtue of the Foreign Sovereign Immunities Act. *See* Reply Letter, DE 20. These are the same grounds raised in the motion currently before the Court. *Sands Harbor Marina Corp. v. USI Ins. Serv. Nat'l, Inc.*, No. 09-CV-3855(GRB)(ARL), 2022 WL 17477852, at *1 (E.D.N.Y. Dec. 6, 2022) ("A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used either to advance different theories not previously argued or as a substitute for appealing a final judgment.") (citing *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999)).

Even assuming SUMEC met the exacting standard for a motion for reconsideration, the motion nonetheless fails. While SUMEC is correct that in most circumstances the Court must release a supersedeas bond where the underlying judgment has been vacated, this argument overlooks the text of the Cash Security Order that it provided to the Court. As noted above, the security would be maintained "pending entry of a Final Order on the Appeal." DE 11-1 at 1. And, crucially, a 'Final Order' was defined as an order "an order of the District Court, *or such other United States court of competent jurisdiction*, as to which: (a) no appeal is pending, (b) the time to appeal has expired and (c) *no further appeal has been timely taken*." *Id.* at 1 n.2

(emphases added). The Litigation Administrator timely filed an appeal of this Court's order vacating the entry of default that is currently pending before the Second Circuit. As such, the predicate to releasing the cash security—that no further appeal is pending—has not been met. SUMEC's claim that injustice will result should the Court retain the security is rendered baseless for the same reason. SUMEC provided the language in the cash security order. They cannot now claim that the enforcement of the order against them will work an injustice.

**CONCLUSION**

Based on the foregoing, appellant's motion for reconsideration is **DENIED**.

**SO ORDERED.**

Dated: Central Islip, New York
       July 26, 2023

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge
